

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS

Grover Sellers
RICH DANIEL
ATTORNEY GENERAL

Honorable Will Crow
County Attorney
Hemphill County
Canadian, Texas

Dear Sir:

Opinion No. O-6153
Re: Authority of county judge to
receive fees under Section 1,
Article 3926, Vernon's Anno-
tated Civil Statutes, after
his term of office has expired.

Your letter of January 29, 1945, requesting the opinion of this department on the question stated therein is in part as follows:

". . . .

"There has been pending on the probate docket of the county court of Hemphill County several cases wherein administration is being had on such estates by an administrator, and certain estate property has been sold by the administrators act-ing under the orders of the county court sitting in matters of probate and the commission of one-half of one per cent due the County Judge of said county actually accrued during the tenure of of-fice of the county judge whose term expired Jan-uary 1st, 1945. However, no final account, al-though filed during his term was ever acted upon by such judge before his term expired. And in one of the cases the final account was filed in January of 1945.

"The question we desire answered is whether or not the county judge whose office expired Jan-uary 1st, 1945, is entitled to such commissions to be paid by said estates, or is the judge who took office January 1st, 1945, and who will ap-prove said final accounts by his order be en-titled to such commissions?

". . . ."

Article 3926, Vernon's Annotated Civil Statutes provides in part as follows:

"The county judge shall also receive the following fees:

"1. A commission of one-half of one percent upon the actual cash receipts of each executor, administrator or guardian, upon the approval of the exhibits and the final settlement of the account of such executor, administrator or guardian, but no more than one such commission shall be charged on any account received by any such executor, administrator or guardian.

". . . ."

Article 3926, Vernon's Annotated Civil Statutes embraces five sections. We are concerned here principally with Section 1. In the case of Lyles v. Oheim, 142 S. W. 959, construing Article 3926, it is said,

". . . . We believe that a fair construction of the legislative intent, as reflected by Article 3926, is to compensate the judge who performed the services and caused the administrator to receive the funds during his administration. Under the undisputed facts in the case, we do not believe that the statutory provision was meant to inure to the benefit of his successor, simply because he was called upon to approve the annual account of the administrator in which was reflected the official acts of his predecessor. As above shown, the approval of the annual account of the administrator added nothing to the validity of the orders of the previous judge under which the sale was made. Nor would a disapproval of the account and its exhibits affect the validity of those preceding. . . ."

In the case of Lyles v. Oheim et al., 159 S. W. (2) 102, the Supreme Court in construing Article 3926 said,

"The law provides that only one commission can be charged under Article 3926. It is provided that such commission as allowed by that Article 'upon the actual cash receipts of each . . . administrator . . . upon the approval of the exhibits and the final settlement of the account. . . .' By the use of the word 'upon' in this Article, we think the Legislature intended that the fee should be allowed the county judge who orders the sale of property and approves the exhibits relating to such sale. When this is done, we believe that it was intended that each county judge should be paid for the services rendered by him. Each county judge was paid the amount due him in this case. To hold otherwise would render the Article impracticable, and would lead to great injustice."

This department cannot pass upon any fact issue that is or may be involved with reference to your request. We believe that the foregoing authorities answer the question presented by you. In view of such authorities it is our opinion that each county judge should be paid for the services rendered by him.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Assistant

AW:mp:jrb

APPROVED FEB. 26, 1945
/s/ Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY BWB, Chairman